**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 21 2014
CLERK, U.S. DISTRICT COURT
By _____ 9.10 am
        Deputy
```

UNITED STATES OF AMERICA

v.                                                      No. 5:14-CR-014-C

DALE WRAY FULFORD

## PLEA AGREEMENT

Dale Wray Fulford, defendant, David E. Sloan, the defendant's attorney, and the

United States of America (the government), agree as follows:

1.    **Rights of the defendant**:   Fulford understands that he has the following

rights:

      a.     to plead not guilty;

      b.     to have a trial by jury;

      c.     to have his guilt proven beyond a reasonable doubt;

      d.     to confront and cross-examine witnesses and to call witnesses in his
           defense; and

      e.     against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:   Fulford waives these rights and

pleads guilty to the offense alleged in the one-count indictment filed herein, charging a

violation of 18 U.S.C. § 2251(a), that is, Production of Child Pornography.   Fulford

understands the nature and elements of the crime to which he is pleading guilty, and agrees

that the factual resume he has signed is true and will be submitted as evidence.

Dale Wray Fulford
Plea Agreement - Page 1

3.      **Sentence**:   The maximum penalties the Court can impose include:

    a.      imprisonment for a period of not less than fifteen (15) years, nor more than thirty (30) years;

    b.      a fine not to exceed $250,000.00;

    c.      a term of supervised release of up to life, which must follow the term of imprisonment.   If Fulford violates the conditions of supervised release he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

    d.      a mandatory special assessment of $100.00;

    e.      restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees will include restitution arising from all relevant conduct for all counts of the indictment, not limited to that arising from the offense of conviction alone;

    f.      costs of incarceration and supervision; and

    g.      forfeiture of property.

4.      **Court's sentencing discretion and role of the guidelines:**   Fulford understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines, as well as the factors contained in 18 U.S.C. § 3553(a).   The guidelines are not binding on the Court, but are advisory only.   Fulford has reviewed the application of the advisory guidelines with his attorney, but understands no one can predict with certainty what guideline range will apply in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation.

5.    **Court's discretion**:  Fulford understands that this plea agreement does not create a right to be sentenced within, or below, any particular guideline range, and fully understands that determination of the advisory guideline range, as well as the actual sentence imposed (so long as it is within the statutory maximum,) are solely in the discretion of the Court.

6.    **Mandatory special assessment**:   Fulford agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7.    **Defendant's cooperation**:   The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court.   The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that he has

a continuing obligation to pay in full as soon as possible any financial obligation imposed by Court.

8. **Sex Offender Registration Requirement:**   Fulford has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, Fulford must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is, or will be, an employee or a student, among other information.   He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student, not later than three business days after any change of his name, residence, employment, or student status.   Fulford has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

9. **Government's agreement**:   The government will not bring any additional charges against Fulford based upon the conduct underlying and related to Fulford's plea of guilty.  (This is limited to any charges that could be filed for production, possession, transportation, or receipt of child pornography or child obscenity, and does not restrict this district from filing any charges related to production of child pornography depicting any minor not depicted in images already charged in the indictment herein or already known to

Dale Wray Fulford
Plea Agreement - Page 4

the government, or any kind of sexual abuse or exploitation of a child not associated with the minor already referenced in the indictment herein, if evidence of such conduct is developed.) The government will move to dismiss, at or after sentencing, any remaining charges in the pending indictment. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Fulford or any property.

10. **Forfeiture of Property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees,

harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11. **Stipulation of the parties**:   Fulford and the United States agree and stipulate, pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, to the following factors relating to the application of the United States Sentencing Guidelines:

      a.    The offense level should be increased by 2 levels because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years, in accordance with USSG § 2G2.1(b)(1)(A).

      b.    The offense did not involve material that portrays sadistic or masochistic conduct or other depictions of violence within the meaning of USSG § 2G2.1(b)(4).

      c.    The offense level should be increased by 2 levels because the minor named as the victim was in the custody, care, and supervisory control of the defendant within the meaning of USSG § 2G2.1(b)(5) at the time of the commission of the offense.

      d.    No sentencing guideline adjustment should be made under USSG § 3C1.1 for obstructing or impeding the administration of justice.

      e.    In accordance with USSG § 3E1.1, the offense level should be reduced by 3 levels because Fulford has accepted responsibility for his offense, and has assisted authorities in the prosecution of his

misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This stipulation is subject to there being no change in the conditions understood by the government, including, but not limited to:

1.     Fulford continues to maintain that he is responsible for the offense up to the time of his sentencing; and

2.     Fulford commits no other offenses pending his sentencing.

Fulford understands that these stipulations are not binding on the Court or on the Probation Office.

12.     **Violation of agreement**:   Fulford understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Fulford for all offenses of which it has knowledge.   In such event, Fulford waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Fulford also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

13.     **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.   **Immigration Consequences.**   Fulford recognizes that pleading guilty may have consequences with regard to his immigration status if he is not a citizen of the United States.   The defendant's plea to any crime may subject him to automatic deportation and/or removal from the United States, and the defendant may be forever barred from applying for readmission to the United States.   *See* 8 U.S.C. § 1227(a)(2) et seq.   Fulford further understands that no one, including his attorney or the district court, can predict with certainty the effect of this conviction on Fulford's immigration status.   Fulford affirms that he has been advised of the possible immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequences include his automatic deportation or removal from the United States, and permanent bar from legally returning to the United States.

15.   **Representation of counsel:**   Fulford has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Fulford has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Fulford has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _____19_____ day of _____MARCH_____, 2014.


_____
DALE WRAY FULFORD
Defendant




_____
DAVID E. SLOAN
Attorney for Defendant
Texas State Bar No.  18503150

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 19459200
1205 Texas Ave., Suite 700
Lubbock, Texas   79401
Telephone:   806.472.7351
Facsimile:   806.472.7394
e-mail:        steve.sucsy@usdoj.gov


_____
DENISE B. WILLIAMS
Deputy Criminal Chief
Texas State Bar No. 02975990

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

X _Dale Fulford_____          3-19-14
DALE WRAY FULFORD                          Date
Defendant


I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          3-19-14
DAVID E. SLOAN                            Date
Attorney for Defendant